UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUDOLPH BABCOCK,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ING LIFE INSURANCE AND ANNUITY COMPANY, a Connecticut corporation,<br><br>　　　　　　　Defendants. | NO: 12-CV-5093-TOR<br><br>ORDER DENYING MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion for Remand. ECF No. 5. This matter was heard without oral argument on August 20, 2012. The Court has reviewed the motion, the response, and the reply, and is fully informed.

## BACKGROUND

On or about June 5, 2012 Plaintiff, Rudolph Babcock, filed a complaint in Benton County Superior Court alleging violation of Washington's Insurance Fair Conduct Act ("IFCA"), as well as breach of contract and unjust enrichment claims. ECF No. 1, Ex. A. Defendant, ING Life Insurance and Annuity Company ("ING"),

ORDER DENYING MOTION TO REMAND ~ 1

subsequently removed the action to this Court based on diversity jurisdiction. ECF No. 1. Presently before the Court is Plaintiff's Motion for Remand of the case back to Benton County Superior Court. ECF No. 5.

## FACTS

In August 1994, a jury awarded Plaintiff $2,475,000. ECF No. 1, Ex. A, ¶ 3.3. Instead of accepting this award, Plaintiff agreed to a structured settlement with the State of Washington for $1,000,000 based on assurances that he would receive $3,200 a month from February 1, 1997 through August 1, 2010, and a "sum certain" of $690,000 on August 22, 2010. ECF No. 1, Ex. A, ¶ 3.3-3.5.  Defendant entered into an agreement to distribute these payments to Plaintiff. ECF No. 1, Ex. A, ¶ 3.6.  Around May 25, 2010 the mother of Plaintiff's child moved for and obtained a Temporary Restraining Order ("TRO") from the Cuyahoga County Ohio Juvenile Court enjoining Defendant from making the lump sum payment. ECF No. 1, Ex. A, ¶ 3.13.  The TRO was vacated on or about January 10, 2011, however, Plaintiff did not receive his payment of $680,000 ($10,000 less than the original amount due) until April 5, 2011.  ECF No. 1, Ex. A, ¶ 3.33.  The remaining $10,000 was apparently paid to the Ohio Juvenile Court pursuant to court order.

Thus, Plaintiff's complaint alleged that Defendant violated the IFCA by failing to pay Plaintiff the $690,000 upon the occurrence of August 22, 2010, and

ORDER DENYING MOTION TO REMAND ~ 2

failed to indemnify and defend Plaintiff's interests when those benefits were "disrupted by facially and procedurally invalid TROs." [1] ECF No. 1, Ex. A., ¶ 4.4. Under the IFCA, Plaintiff is allowed treble damages as well as attorney's costs and fees. ECF No. 1, Ex. A., ¶ 4.9. Plaintiff also sought damages for breach of contract and unjust enrichment, including interest he did not receive during the period his lump sum payment was withheld as well as interest on the remaining $10,000. ECF No. 1, Ex. A., ¶¶ 5.1-6.6. Plaintiff's complaint did not allege an exact dollar value of these damages other than the $10,000 that he has yet to be paid; instead, he asks to be "awarded damages against [Defendant] in an amount to be proven at trial." ECF No. 1, Ex. A at 10.

---

[1] The breadth of facts surrounding the TRO are not relevant to the instant Motion to Remand. However, by way of clarification, the TRO alleged that Plaintiff was in arrears on child support payments and likely to "abscond" with the lump sum payment. ECF No. 1, Ex. A, ¶ 3.14. The TRO was eventually vacated presumably due to procedural inadequacies detailed at length in Plaintiff's complaint, including: that it was not supported by a bond, not properly served, not supported by mention of exigent circumstances justifying its ex parte issuance, not enforceable 28 days following issuance because the party who asked for the TRO did not move for a preliminary injunction. ECF No. 1, Ex. A, ¶ 4.7.

ORDER DENYING MOTION TO REMAND ~ 3

On May 1, 2012 Plaintiff sent a settlement letter to the Defendant claiming that it was "likely" that Plaintiff has "at a minimum, a claim for the interest he lost on the $690,000 from August 22, 2010 through April 5, 2011." McDougald Decl., ECF No. 11, Ex. A. Plaintiff further calculated that at Washington's statutory interest rate of 12% per year, Plaintiff's accrued interest on $690,000 would be $230.00 per day. *Id*. Plaintiff was not paid interest for 226 days, so the total owed would be $51,980.00. *Id*. Further, Plaintiff claims that "[u]nder IFCA [Plaintiff] is entitled to treble damages which, in turn, brings [Plaintiff's] damages to, at a minimum, $155,940.00."[2] *Id*.

## DISCUSSION

A United States District Court has original jurisdiction in cases where (1) the amount in controversy exceeds $75,000, exclusive of costs and interest, and (2) there exists complete diversity of citizenship between the parties. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant or the defendants, to the district court of the United States.

---

[2] In a footnote to the settlement letter Plaintiff also notes that this amount does not include potential damages for unjust enrichment or consequential breach of contract damages.

28 U.S.C. § 1441(a). However, there is a "strong presumption" against removal, and federal jurisdiction must be rejected if there are doubts about the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

When the complaint does not specify a particular amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-404 (9th Cir.1996). Defendants may rely on facts presented in the removal petition and any "summary judgment type evidence" relevant to the amount in controversy at the time of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("[c]onclusory allegations as to the amount in controversy are insufficient.") Pursuant to Ninth Circuit authority,

> a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. [Plaintiff] could have argued that the demand was inflated and not an honest assessment of damages, but he made no attempt to disavow his letter or offer contrary evidence.

*Cohn v. Petsmart*, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (internal citations omitted) (finding evidence was sufficient to establish the amount in controversy and case was properly removed to federal court).

In this case, the Plaintiff contends that Defendant's Notice of Removal cites no "summary judgment type" evidence and therefore does not meet his burden to

ORDER DENYING MOTION TO REMAND ~ 5

prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. ECF No. 7 at 2. In response, Defendant offers Plaintiff's pre-claim letter that calculates Plaintiff's damages to be, "at a minimum," $155,940. McDougald Decl., ECF No. 11, Ex. A. Defendant argues that under Ninth Circuit case law, a settlement letter is relevant evidence and may be considered by a district court when determining the amount in controversy if it is a reasonable estimate of the claim.[3] ECF No. 10 at 5. Moreover, the court may consider this evidence even if it was not produced with the original notice of removal. *Cohn*, 281 F.3d at 840 n.1 ("[t]he district court did not err in construing [Defendant's] opposition as an amendment to its notice of removal.")

Plaintiff attempts to distinguish the *Cohn* case in several ways. First, Plaintiff argues that the Court should not consider the pre-claim settlement letter offered by Defendants because it is not admissible "summary judgment type"

---

[3] Defendant also contends that the amount in controversy is established by the factual allegations in the complaint alone, even without extrinsic evidence of the pre-claim settlement letter. ECF No. 10 at 6-9. It is unnecessary for the Court to consider this argument since the settlement letter provided by the Defendant is sufficient evidence to overcome their burden to prove the amount of controversy by a preponderance of the evidence.

ORDER DENYING MOTION TO REMAND ~ 6

1  evidence. ECF No. 12 at 3. This argument is unavailing. In *Cohn*, the court relied
2  on a settlement letter as sufficient evidence of the amount in controversy, and
3  expressly rejected the argument that Federal Rule of Evidence 408 prohibits the
4  use of settlement letters to determine the amount in controversy at the time of
5  removal. *Id*. at 840 n. 3 (noting that Federal Rule of Evidence 408 is inapplicable
6  because the evidence is not to establish liability, but only to assess value).

7  Plaintiff subsequently contends that *Cohn* is distinguishable because it does
8  not address a settlement offer when the calculation was based on plaintiff's
9  application of treble damages. ECF No. 12 at 4-6. This argument is similarly
10 unsuccessful. Plaintiff relies in part on an Idaho district court decision that found a
11 defendant must "come forward with evidence showing the likely award if
12 [p]laintiffs were to succeed in obtaining punitive damages." *Wilson v. Union*
13 *Security Life Ins. Co.*, 250 F.Supp.2d 1260, 1264-65 (D. Idaho 2003). In *Wilson*
14 the Court found that a defendant could not carry its burden to establish attorney's
15 fees or punitive damages based on a "bare record." *Id*. at 1265. *Wilson* actually
16 cites to *Cohn* as an example of a situation where a defendant can submit
17 satisfactory evidence to demonstrate the amount in controversy. *Id*.

18 While cognizant of the policy in favor of remand if there are any doubts as
19 to jurisdiction, the Court finds sufficient evidence to support removal in this case.
20 Here, Plaintiff's complaint does not specify a particular amount of damages, so the

ORDER DENYING MOTION TO REMAND ~ 7

Defendant must prove the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Sanchez,* 102 F.3d at 403-404. The pre-claim settlement letter is relevant because it does appear to reflect a reasonable estimate of the plaintiffs claim, and the calculated amount of $155,940 is well over the minimum requirement for diversity jurisdiction of $75,000. *Cohn*, 281 F.3d at 840. Importantly for the purposes of this analysis, the Plaintiff also never attempts to disavow the amount in the letter or offer contrary evidence to establish a lesser amount in controversy. *Id*. Instead, he only argues that the settlement letter is not sufficient evidence for the Defendant to establish the proper amount in controversy. The Court disagrees and finds the settlement letter provided by the Defendant is sufficient to prove, more likely than not, that the amount in controversy in this case exceeds $75,000.

For all of the foregoing reasons, the Court finds that Defendant successfully established, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement of $75,000. This case was properly removed pursuant to 28 U.S.C. § 1441(a), and Plaintiff's motion for remand is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Remand, ECF No. 5, is **DENIED**.

1   The District Court Executive is hereby directed to enter this Order and

2   provide copies to counsel.

3   **DATED** this 5th day of September, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO REMAND ~ 9