Case 2:12-cv-05093-TOR    Document 34    Filed 01/29/13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUDOLPH BABCOCK,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ING LIFE INSURANCE AND ANNUITY COMPANY, a Connecticut corporation,<br><br>　　　　　　Defendant. | NO: 12-CV-5093-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion to Alter Judgment (ECF No. 32). This matter was set for hearing without oral argument on March 1, 2013, but was heard on an expedited basis. The Court has reviewed motion and relevant documents and is fully informed without the necessity of Defendant's responsive briefing.

BACKGROUND

Plaintiff, Rudolph Babcock, alleged that Defendant ING Life Insurance and Annuity Company violated Washington's Insurance Fair Conduct Act ("IFCA"), in

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 1

addition to breach of contract and unjust enrichment claims. On January 2, 2013, the Court granted Defendant's Converted Motion for Summary Judgment. ECF No. 31. Presently before the Court is Plaintiff's Motion to Alter Judgment.

## DISCUSSION

The Court may amend or alter judgment pursuant to FRCP 59(e) "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Plaintiff does not indicate the existence of new evidence, an intervening change in the law, or a necessity to prevent manifest injustice. Rather, Plaintiff asks the Court to (1) "reconsider controlling law as to the unenforceability of the TRO, which the Ohio court lacked the power to enforce," and (2) reconsider whether Plaintiff sued for statutory interest. The Court will briefly touch on each challenge in turn.

First, Plaintiff asserts the exact same argument advanced in its responsive briefing, namely, that performance was not impossible because the TRO was not valid and could not have been enforced against Defendant. The only new information offered by Plaintiff is Ohio case law indicating that a TRO is not operative until a party obtains bond, which was allegedly not obtained in the instant case. ECF No. 32-1 at 5-6. However, this does not change the undisputed

fact that the TRO was issued by an Ohio state court and expressly enjoining Defendant from distributing the funds in question.  ECF No. 9-2 at Ex. F.  Regardless of the alleged invalidity of the TRO, Plaintiff once again fails to identify any Ninth Circuit or Washington law "to support a finding that [Defendant] was under an affirmative obligation to intervene in the domestic litigation … to secure a dissolution of the TRO in order to sustain an impossibility defense."  ECF No. 31 at 14.  The Court exhaustively considered Plaintiff's argument in its previous Order, and declines to reconsider its holding on this issue.

Second, Plaintiff contends that the Court improperly dismissed his unjust enrichment claim based on a footnote in the Court's previous Order indicating that "[Plaintiff] has not sued for the negligible amount of statutory interest that may have accrued from the day the restraining order was vacated to the day [Defendant] paid the $680,000 to [Plaintiff] and paid the $10,000 to the state court, but has rather only pleaded an unjust enrichment claim."  ECF No. 31 at 19 n.12.  Plaintiff argues that he did sue for statutory interest, and directs the Court to the portion of his Complaint alleging that Defendant was "unjustly enriched to the extent the assets in which the $690,000 was invested made [Defendant] money over and above the $680,000 that [Defendant] paid [Plaintiff], and "accordingly, [Plaintiff] is entitled to the interest, proceeds, profits, or the like that the $690,000 afforded [Defendant] between August 22, 2010 and April 5, 2011. ECF No. 1 at ¶¶ 6.3-6.4.

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 3

As previously argued by Plaintiff, [Defendant] allegedly knew about the vacation of the TRO on January 10, 2011, but did not disburse the funds until April 5, 2011. ECF No. 32-1 at 6-7.  In the present motion to alter judgment, Plaintiff asks the court to alternately find that he did sue for interest owing from January 1, 2011 to April 5, 2011, that he is entitled to interest, or amend its previous order and allow Plaintiffs case to continue in order to recover interest owed for that timeframe.

As an initial matter, the Court must correct Plaintiff's contention that it dismissed his unjust enrichment claim in any part based upon the comment that Plaintiff did not sue for statutory interest.  The footnote referenced by Plaintiff was merely an observation by the Court that Plaintiff did not sue for statutory interest, "but rather has only pleaded an unjust enrichment claim." ECF No. 31 at 19 n.12. This statement by the Court was not part of its substantive holding on the unjust enrichment issue.  Rather, the Court found that under the express terms of the Release, Plaintiff had no rights against Defendant for the proceeds of an annuity investment.  A reconsideration of whether Plaintiff sued for statutory interest would have no effect on the Court's grant of summary judgment on the unjust enrichment claim.  Moreover, based on the portions of the Complaint cited by Plaintiff, the Court declines to alter its statement that Plaintiff did not sue for statutory interest.  The Complaint alleges that Defendant was unjustly enriched to the extent to which it invested the money at issue, and thus Plaintiff is entitled to

ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT ~ 4

"interest" that the $690,000 "afforded" Defendant. ECF No. 1 at ¶¶ 6.3-6.4. However, a claim for statutory interest is not synonymous with Plaintiff's claim of unjust enrichment based on the interest accrued on an annuity held by Defendant, to which Plaintiff has no legal claim. Consequently, the Court denies Plaintiff's request to amend its previous order or find that Plaintiff was entitled to statutory interest.

Plaintiff did not offer new evidence, cite to an intervening change in the law, or identify the necessity to prevent manifest injustice. Thus, the Court denies Plaintiff's Motion to Alter Judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Alter Judgment, ECF No. 32, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 28th day of January, 2013.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge